## BROWN & EATON vs. TORRANCE.

Facts upon which defendant set aside an execution issued upon a judgment entered upon a report of referees, after defendant had obtained an order setting aside the report, etc. upon terms.

*Motion to set aside execution for irregularity.*— Defendant's facts : Judgment was entered in July 1844, upon an ex parte report of referees. A motion was made to this court to set aside the report and subsequent proceedings for irregularity, or for other relief : upon which motion, defendant swore to merits; and a rule was granted on the 12th August

1844, setting aside the report and subsequent proceedings on payment of costs of hearing, and subsequent proceedings and costs of opposing motion. Within twenty days after the entry of said rule, and about a week before the twenty days expired, the law partner of defendant's attorney, and counsel for defendant, called on plaintiffs' attorney, and requested him to make out his costs under said rule; which was done. Defendant's counsel objected to some items in said bill. Plaintiffs' attorney said he would see one of plaintiffs in a few days, and procure proof [29 to satisfy defendant's counsel of the correctness of some of the items. Defendant's counsel claimed that the bill must be taxed, and it was then so understood between them, and taxation postponed merely on account of the absence of said plaintiff. Defendant's counsel saw defendant, Saturday, August 31, 1844, and advised defendant to go and settle said costs by Tuesday following. Defendant's counsel would ascertain of plaintiffs' attorney, when he was ready, and let him know. On Monday, defendant's counsel saw plaintiffs' attorney, and found him ready to tax the bill. They went before a taxing officer and had the same taxed, he making some deductions. When same were taxed, defendant's counsel informed plaintiffs' attorney the defendant would be there the next day and settle them, to which plaintiffs' attorney did not object: the taxation was without notice. On Tuesday, September, 3, 1844, next day defendant came and gave defendant's counsel the money to pay the costs; and on the same day he tendered the amount of the taxed bill to plaintiffs' attorney, who admitted the sufficiency of the tender, but refused to receive it, as he said it was too late : it should have been made the day before. At that time no execution had been issued, and plaintiffs had not incurred any expense or liability subsequent to the taxation. Defendant's counsel has, within a few days, ascertained the fact that an execution is issued, and now in the hands of the sheriff. Plaintiffs' facts : the same in substance as defendant's, down to the time when defendant's counsel called on plaintiffs' attorney for the amount of the costs under the rule. After the costs were made out, defendant's counsel said they were so large, he thought defendant would rather let the judgment stand than pay them; but he would see defendant in a few days, and let him know. About a week previous to the expiration of the twenty days, defendant's counsel called on plaintiffs' attorney, and stated that defendant would pay said costs on taxation; and defendant's counsel proposed they should go before the taxing officer on Friday, 30 August 1844, and get costs taxed; to which plaintiffs' attorney assented. Plaintiffs' attorney states, but for such stipulation he should have noticed the bill of costs for taxa-

tion at the regular time, and had the same taxed. On the morning of the 30th August, 1844, plaintiffs' attorney received a note from defendant's counsel, requesting a postponement of such taxation until Monday or Tuesday following. On Monday they went before the taxing officer and had the same taxed, defendant's counsel stating that the bill would be paid next day; to which plaintiffs' attorney replied, " that to-morrow 30] would not be to-day," or words to give defendant to understand the twenty days would expire *that* day. After the twenty days expired, defendant's counsel called upon plaintiffs' attorney and offered to pay the said bill of costs, which plaintiffs' attorney declined to receive. Execution has been issued and delivered to the sheriff. Plaintiffs' attorney learns that defendant has confessed a judgment since this, and execution issued on it, which would cover all defendant's property.

A. B. Nichols, *Def'ts Atty.*            H. K. Viele, *Plffs Atty.*
*Decision.*— Motion granted without costs.